**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIS G. BLAIR, | No. 12-35902 |
| Plaintiff - Appellant, | D.C No. 3:10-cv-00946-SI |
| v. | |
| BANK OF AMERICA, NA, a national banking association; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted May 15, 2014[**]
Portland, Oregon

Before: GOODWIN, IKUTA, and N.R. SMITH, Circuit Judges.

Plaintiff Willis G. Blair appeals the district court's dismissal of his

complaint against defendant Bank of America. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Blair fails to state a claim under Title II of the Americans with Disability Act (ADA), 42 U.S.C. § 12132, because Bank of America is not a "public entity." That Bank of America received federal money in connection with the Emergency Economic Stabilization Act of 2008, Pub. L. 110-343, 122 Stat. 3765, and the American Recovery and Reinvestment Act of 2009, Pub. L. 111-5, 123 Stat. 115, does not transform an otherwise private entity into a public one. *Cf. S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 543–44 (1987).

Blair fails to state a claim under Title III of the ADA, 42 U.S.C. § 12182(a), because he failed to allege the necessary "connection between the good or service complained of and an actual physical place" required by Title III. *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000).

Blair failed to state a claim under the Rehabilitation Act, 29 U.S.C. § 794(a), because he has failed to allege that he was "solely by reason of . . . his disability . . . excluded from the participation in" any program. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). That Bank of America did not extend the deadline for the HAMP application for Blair and that Blair is disabled, without more, does not plausibly allege discrimination under the Rehabilitation Act.

Blair fails to state a claim under the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, and the Oregon Unfair Debt Collection Practices

Act, Or. Rev. Stat. § 646.639, because he neither alleges facts showing that Bank of America is a debt collector, nor cites any conduct by Bank of America that would constitute a violation of either statute.

Blair failed to state a claim under the Homeowner's Protection Act, 12 U.S.C. § 4902(a), because § 4902(a)(4)(A) gives Bank of America the right to request a new appraisal once Blair requested cancellation, and Blair does not allege that he satisfied the requirements set forth in § 4902(a)(4) that would entitle him to cancellation of his private mortgage insurance.

Blair fails to state a claim under the Fair Credit Report Act, 15 U.S.C. § 1681s-2, because he failed to allege that he disputed the information with a consumer reporting agency and that the agency then notified Bank of America, the alleged furnisher. *See Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). He alleges only that he "disputed the information concerning the mortgage loan" and that Bank of America received "notice of a consumer dispute," but does not say with whom he disputed the mortgage loan information or how Bank of America received notice.

Blair fails to state a claim of defamation under Oregon law because his complaint alleges no facts supporting the essential element of publication to a third party. *See Wallulis v. Dymowski*, 323 Or. 337, 343 (1996). Moreover, the

transcript of the telephone call during which the allegedly defamatory statement was uttered makes clear that Blair elicited the allegedly defamatory statement from the Bank of America employee, which makes the statement privileged under Oregon law. *Lee v. Paulsen*, 273 Or. 103, 105–07 (1975).

Finally, Blair fails to state a claim for a breach of the obligation of good faith and fair dealing implied into every contract, *Tolbert v. First Nat'l Bank of Or.*, 312 Or. 485, 494 (1991), because Blair cites no provision of any contract that he entered into with Bank of America that would give rise to the reasonable expectation that Bank of America would not require a new appraisal or would give Blair additional time for his HAMP application.

The district court did not abuse its discretion in denying Blair's request for leave to amend because Blair had a previous opportunity to amend his complaint in the face of a motion to dismiss, his amendments did not alter the deficiencies of his allegations, and he has not presented any additional allegations that he would add to save his claims.

**AFFIRMED.**

4